**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Kristie M. Bishop, ) | |
| ) | Civil Action No.: 4:19-cv-00364-JMC |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| ) | |
| Warden, Graham (Camille Griffin) ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed May 12, 2020. (ECF No. 116.) The Report addresses Petitioner Kristie M. Bishop's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus (ECF No. 80) under 28 U.S.C. § 2254 and recommends that the court grant Respondent's Motion for Summary Judgment (ECF No. 96) and deny Petitioner's Motion for Evidentiary Hearing (ECF No. 110). (ECF No. 116 at 23, 26, 27, 29.) For the reasons set forth below, the court **ACCEPTS** the Report (ECF No. 116), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 96), **DENIES** Petitioner's Motion for Evidentiary Hearing (ECF No. 110), and **DISMISSES** Petitioner's Habeas Petition (ECF No. 80) with prejudice.

**I.     RELEVANT BACKGROUND**

After a careful review of the record, the court concludes that the Magistrate Judge's factual summation is accurate and incorporates it herein by reference. (*See* ECF No. 116 at 1-13.) The court will only reference additional facts that are pertinent to the analysis of Plaintiff's claims. Such facts will be viewed in the light most favorable to Plaintiff. *Perini Corp. v. Perini Constr.,*

1

*Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) ("in evaluating a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party").

In September 2014, a Spartanburg County grand jury indicted Petitioner on two counts of financial transaction card fraud, one count of financial transaction card theft, two counts of petit larceny, and one count of armed robbery and possession of a firearm during the commission of a violent crime. (ECF No. 116 at 2-3.) Petitioner was subsequently indicted in December 2014 on one count of petit larceny, two counts of financial transaction card fraud, and one count of obtaining money by false pretenses. (*Id.* at 3.)

Petitioner pled guilty as charged without a negotiated plea deal on May 14, 2015. (*Id.*) After Petitioner pled guilty, the prosecution dismissed "the weapon charge reflected . . . in the armed robbery indictment." (*Id.*) Petitioner was then sentenced to concurrent terms of twenty (20) years of imprisonment for armed robbery and ten (10) years of imprisonment on each of the remaining charges. (*Id.*) Petitioner did not seek a direct appeal of her plea or sentence. (*Id.*)

Petitioner filed an application for post-conviction relief ("PCR") on September 18, 2015, alleging the following errors:

1. Ineffective assistance of counsel
2. Violation of constitutional rights
3. Failure to introduce material facts
4. Sentence exceeds state law
5. Vindictiveness and prejudice by prosecutor and lead investigator
6. Mitigating circumstance of mental status when crimes were committed
7. New evidence

(*Id.* at 4.) Petitioner was subsequently appointed counsel ("PCR Counsel"). (*Id.*) On October 14, 2016, Petitioner's PCR Counsel filed an amendment to Petitioner's PCR application, adding thirty-one (31) allegations of ineffective assistance of counsel. (*Id.* at 5.)

The Court of General Sessions held an evidentiary hearing for Petitioner's PCR application on November 9, 2016. (*Id.* at 7.) At the hearing, Petitioner and her Plea Counsel testified. (*Id.*) On February 13, 2017, the Court of General Sessions entered an order denying Petitioner post-conviction relief and dismissing Petitioner's PCR application with prejudice. (*Id.* at 7-8.)

Petitioner later filed a petition for writ of certiorari before the Supreme Court of South Carolina. (*Id.* at 8.) On July 24, 2018, the Supreme Court issued an order denying Petitioner's petition for a writ of certiorari. (*Id.*) The Remittitur issued on August 9, 2018 and was filed with the Spartanburg County Clerk of Court on August 13, 2018. (*Id.* at 8-9.)

On February 4, 2019, Petitioner timely filed her *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (ECF No. 1.) Petitioner filed an Amended Petition on December 4, 2019, asserting the following grounds for relief:

1. <u>Ground 1:</u> "Deprived of Constitutionally effective assistance of counsel in violation of her 6th + 14th Amendment"
2. <u>Ground 2:</u> "Petitioners [sic] constitutionally protected right in Amendments 4, 5, 6, 8 + 14 were violated"
3. <u>Ground 3:</u> "Court lacked subject-matter jurisdiction to sentence petitioner"
4. <u>Ground 4:</u> "Federal Rules of Criminal Procedure Rule 11 + 32 violated, Federal Rules Evidence [sic] violated"

(ECF No. 80 at 2-5.)

---

[1] 28 U.S.C. § 2244(d) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and does not include "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" *Id.* Here, Petitioner's § 2254 Petition is timely because it was filed within a year after her guilty plea, disregarding the period of time spent pursuing PCR.

On March 3, 2020, Respondent filed a Motion for Summary Judgment (ECF No. 96). Petitioner filed a Response (ECF No. 111) on April 6, 2020, Respondent filed a Reply (ECF No. 112) on April 13, 2020, and Petitioner filed a Sur Reply (ECF No. 114) on April 22, 2020.

Petitioner also filed a Motion for Evidentiary Hearing (ECF No. 110) on April 6, 2020. Respondent submitted a Response (ECF No. 113) on April 20, 2020.

On May 12, 2020, the Magistrate Judge issued the instant Report (ECF No. 116) addressing both Respondent's Motion for Summary Judgment and Petitioner's Motion for Evidentiary Hearing. Petitioner filed her Objections (ECF No. 118) to the Report on May 28, 2020 and Respondent filed a Reply (ECF No. 121) on June 11, 2020.

Petitioner then filed a Motion for Certificate of Appealability (ECF No. 119) on May 28, 2020. Respondent filed a Response (ECF No. 120) on June 11, 2020.

The court considers the merits of Petitioner's Objections to the Report below.

## II.   JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III.   LEGAL STANDARD

A. Report and Recommendation

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.*

4

at 271. The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B. Documents Filed by *pro se* Litigants

The court is required to interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view *pro se* pleadings "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

C. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011). In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-

moving party. *Perini*, 915 F.2d at 123-24. The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

    D.  <u>Petitions for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254</u>

State prisoners have a statutory right to seek habeas relief in federal courts. *See* 28 U.S.C. § 2254(a). However, a court's review of a § 2254 petition filed after April 24, 1996, is limited by provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified as amended in scattered sections of 28 U.S.C.). Because Petitioner filed her petition after the effective date of the AEDPA, review of her claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410. "Rather, that application must also be unreasonable." *Id.* Moreover, state court factual determinations are presumed to be correct and

6

the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

E. Procedural Default

A petitioner's failure to raise a claim asserted in his § 2254 petition in state court "implicates the requirements in habeas of exhaustion and procedural default." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). "The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Thus, "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)). In a similar vein, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance" and has procedurally defaulted those claims. *Coleman v. Thompson*, 501 722, 732 (1991). Absent an exception, a federal court will not entertain a procedurally defaulted claim, so long as the state procedural requirement barring the state court's review is adequate to support the judgment and independent of federal law. *See Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012); *Walker v. Martin*, 562 U.S. 307, 315-16 (2011).

> Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.

*Woodford*, 548 U.S. at 93 (internal citation omitted) (citing *Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 744-51).

However, "[t]he doctrine barring procedurally defaulted claims from being heard is not

7

without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. at 10 (citing *Coleman*, 501 U.S. at 750). "In *Coleman*, . . . the Supreme Court held that . . . a federal habeas 'petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings to establish cause.'" *Fowler v. Joyner*, 753 F.3d 446, 460 (4th Cir. 2014) (quoting *Coleman*, 501 U.S. at 752). Subsequently, in *Martinez*, the Supreme Court recognized a "narrow exception" to the rule stated in *Coleman* and held that, in certain situations, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. The Fourth Circuit has summarized the exception recognized in *Martinez* as follows:

> [A] federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consists of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim;" and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler*, 753 F.3d at 461 (internal brackets omitted) (quoting *Trevino v. Thaler*, 569 U.S. 413, 423 (2013)).

In the alternative to showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice such as actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327-28 (1995), or abandonment by counsel. *See Maples v. Thomas*, 565 U.S. 266, 283 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation

8

marks and citations omitted)).

## IV. ANALYSIS

I. <u>Motion for Summary Judgment</u>

   *a. The Report and Recommendation*

The Magistrate Judge recommended granting summary judgment as to all four of Petitioner's grounds for habeas relief. (ECF No. 116 at 23, 26, 27, 29.) In evaluating Petitioner's first ground for relief, the Magistrate Judge concluded that all of but one of Petitioner's twenty-six (26) claims of ineffective assistance of plea counsel were procedurally defaulted because they were not raised in Petitioner's PCR proceedings. (*Id.* at 16-20.) The Magistrate Judge found that Petitioner failed to meet her burden to overcome the procedural bar, highlighting that Petitioner failed to make the necessary showing of cause or actual innocence. (*Id.* at 18-20.) Accordingly, the Magistrate Judge determined that the only claim properly preserved for review in Ground One was Petitioner's assertion that her plea counsel was ineffective for failing to file a direct appeal or make a motion for reconsideration. (*Id.* at 20.) However, the Magistrate Judge found that the claim did not merit habeas relief because Petitioner failed to show that the PCR court based its decision on an unreasonable interpretation of the facts or unreasonably applied clearly established federal law. (*Id.* at 23.) To the contrary, the Magistrate Judge concluded that the PCR court's decision is "well-supported by the record" and "directly in line with the Supreme Court's reasoning." (*Id.* at 22, 23.)

The Magistrate Judge also concluded that the claims raised in Petitioner's second ground for relief were procedurally barred. (*Id.* at 24.) Like the claims in Ground One, the claims in Ground Two were not properly preserved during the state court proceedings and Petitioner failed to make the requisite showing for either cause and prejudice or actual innocence to overcome the

default.  (*Id.*)

As to Ground Three, the Magistrate Judge concluded that Petitioner's claims are without merit because a state court's determination of its subject matter jurisdiction is not cognizable on federal habeas review.  (*Id.* at 26-27.)

Finally, the Magistrate Judge recommended granting summary judgment on Ground Four because the Federal Rules of Civil Procedure and Criminal Procedure do not apply to state court proceedings.  (*Id.* at 27.)

### b. The Court's Review

Petitioner appears to state four (4) objections to the Report.  (ECF No. 118.)  First, Petitioner objects to the Magistrate Judge's "finding of FACT based solely on the Record."  (*Id.* at 3.)  Here, the Magistrate Judge properly relied on the record in evaluating Respondent's Motion for Summary Judgment.  Rule 56 explicitly contemplates that summary judgment will be determined on the record.  *See* Fed. R. Civ. P. 56 ("[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record").  Accordingly, courts assess the "whole record" when evaluating a motion for summary judgment.  *See, e.g.*, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'").  Therefore, the court overrules Petitioner's first objection to the Magistrate Judge's reliance on the record.

Second, Petitioner disputes the Magistrate Judge's finding that her ineffective assistance of counsel claims are procedurally barred and asserts that she overcame the procedural bar by demonstrating prejudice from the actions of her plea counsel.  (ECF No. 118 at 3-6.)  "The purpose

default.  (*Id.*)

As to Ground Three, the Magistrate Judge concluded that Petitioner's claims are without merit because a state court's determination of its subject matter jurisdiction is not cognizable on federal habeas review.  (*Id.* at 26-27.)

Finally, the Magistrate Judge recommended granting summary judgment on Ground Four because the Federal Rules of Civil Procedure and Criminal Procedure do not apply to state court proceedings.  (*Id.* at 27.)

### b. The Court's Review

Petitioner appears to state four (4) objections to the Report.  (ECF No. 118.)  First, Petitioner objects to the Magistrate Judge's "finding of FACT based solely on the Record."  (*Id.* at 3.)  Here, the Magistrate Judge properly relied on the record in evaluating Respondent's Motion for Summary Judgment.  Rule 56 explicitly contemplates that summary judgment will be determined on the record.  *See* Fed. R. Civ. P. 56 ("[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record").  Accordingly, courts assess the "whole record" when evaluating a motion for summary judgment.  *See, e.g.*, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'").  Therefore, the court overrules Petitioner's first objection to the Magistrate Judge's reliance on the record.

Second, Petitioner disputes the Magistrate Judge's finding that her ineffective assistance of counsel claims are procedurally barred and asserts that she overcame the procedural bar by demonstrating prejudice from the actions of her plea counsel.  (ECF No. 118 at 3-6.)  "The purpose

of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano*, 687 F.2d at 47; *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

The court finds that Petitioner's second objection amounts to a general contention with the Magistrate Judge's findings and merely repeats claims the Magistrate Judge properly considered and addressed. Petitioner's Response to Respondent's Motion for Summary Judgment raised similar allegations of ineffective assistance of counsel that the Magistrate Judge appropriately evaluated. (*See* ECF No. 111.) The Magistrate Judge considered and rejected Petitioner's claim that any procedural default was the result of ineffective assistance of counsel as well her assertion that her plea counsel was ineffective for failing to file a direct appeal or make a motion for reconsideration. (*See* ECF No. 116 at 16-25.) A *de novo* review is thus unnecessary because Petitioner has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). As a result, the court overrules Petitioner's second objection to the Magistrate Judge's evaluation of her ineffective assistance of counsel arguments.

Third, Petitioner claims that the Magistrate Judge mischaracterizes her constitutional claims. (ECF No. 118 at 5.) In her Amended Petition, Petitioner alleges various violations of her Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (*See* ECF No. 80 at 3, 9-10.) The Magistrate Judge characterized her allegations as asserting "a hodgepodge of constitutional violations stemming from her arrest and prosecution" and concluded that the claims presented in paragraphs (1) through (8) and (10) of Petitioner's Amended Petitioner were unavailable for federal habeas review because they were not properly preserved during Petitioner's state court proceedings. (ECF No. 116 at 24.) It then found that "Petitioner's claim in paragraph (9) is not cognizable for federal habeas review because it challenges a parole decision." (*Id.* at 25.)

After a careful and thorough review of the record, the court finds that the Magistrate Judge properly characterizes Petitioner's constitutional claims and overrules Petitioner's third objection. Petitioner's constitutional claims certainly qualify as "a hodgepodge of constitutional violations" given their breadth and numerosity. (*Id.* at 24.) Additionally, the Magistrate Judge appropriately characterizes Petitioner's claims in paragraphs (1) through (8) and (10) of her petition as procedurally barred because they were not raised during her pretrial proceedings, at her plea, or through direct appeal. (*Id.* at 24.)

Fourth, Petitioner challenges the Magistrate Judge's findings as to Ground Three and maintains that "[s]ubject matter jurisdiction can be heard at any level as long as the petitioner is asserting ACTUAL INNOCENCE." (ECF No. 118 at 6.) Petitioner is incorrect. Whether a state court has subject matter jurisdiction over an offense is a question of state law that is not cognizable on federal habeas review. *See Dowdy v. Warden, Broad River Corr. Inst.*, 8:07-1706 PMD, 2008 WL 2462823, at *5 (D.S.C. June 13, 2008) (citing *Estelle v. McGuire*, 502 U.S. 62, 63 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law

12

questions"). Therefore, the court overrules Petitioner's fourth objection.

As Petitioner's four objections lack merit and the court finds no clear error on the face of the record, the court accepts the Report and grants Respondent's Motion for Summary Judgment.

II. Motion for Evidentiary Hearing

    *a. The Report and Recommendation*

The Magistrate Judge recommended that the court deny Petitioner's Motion for an Evidentiary Hearing because Petitioner's claims do not meet the requirements of § 2254(e)(2). (ECF No. 116 at 28-29.) Specifically, Petitioner's claims do not rely on "a new rule of constitutional law" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." (*Id.* at 29 (citing 28 U.S.C. § 2254(e)(2))).

    *b. The Court's Review*

Here, neither party objected to the Magistrate Judge's analysis of Petitioner's Motion for Evidentiary Hearing. (*See* ECF No. 118.) Since no specific objections were filed by either party and the section of the Report evaluating Petitioner's Motion for Evidentiary Hearing does not contain clear error, the court accepts the Magistrate Judge's recommendation and denies Petitioner's Motion for Evidentiary Hearing. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## V.    CONCLUSION

For the reasons set forth above, the court **ACCEPTS** the Report and Recommendation (ECF No. 116), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 96), **DENIES** Petitioner's Motion for Evidentiary Hearing (ECF No. 110), and **DISMISSES** Petitioner's Habeas Petition (ECF No. 80) with prejudice.

**CERTIFICATE OF APPEALABILITY**

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** Petitioner's Motion for Certificate of Appealability (ECF No. 119).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 11, 2021
Columbia, South Carolina